IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. PRIDMORE,<br><br>    Petitioner,<br><br>  v.<br><br>FREDRICK B. HAWS, Warden,<br><br>    Respondent.<br>_____/ | No. C 08-02941 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; DIRECTING RESPONDENT TO SERVE COPIES OF ANSWER AND EXHIBITS ON PETITIONER; AND GRANTING EXTENSION OF TIME FOR PETITIONER TO FILE TRAVERSE** |

    Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus. The Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse. Respondent has filed an answer. On June 1, 2009, the Court on its own motion GRANTED Petitioner an extension of time to file his traverse.

    Before the Court is Petitioner's letter dated July 7, 2009, in which he states that he has not received a copy of the answer. The Court construes Petitioner's letter as a request for an Order directing Respondent to serve Petitioner with the answer and the attached exhibits. He also requests an extension of time to file a traverse and asks the Court to appoint counsel to represent him. He notes that he is untrained in the law and that he suffers from mental health problems.

    Good cause appearing, Petitioner's requests are GRANTED in part and DENIED in part.

    First, the Court finds that appointment of counsel is not warranted in this case. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district

court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  Here, Petitioner's claims were all well briefed by counsel on direct appeal.  They are typical claims that arise in criminal appeals and are not especially complex.  This is not an exceptional case, therefore, that would warrant representation on federal habeas review.  Accordingly, Petitioner's request for appointment of counsel is DENIED.

Petitioner's request for an Order directing Respondent to serve him with the answer and the attached exhibits is GRANTED.  Respondent shall serve Petitioner with a copy of the answer and all the exhibits, which the Court assumes were previously lodged with the answer, on or before **thirty (30) days** from the date of this Order.

Finally, Petitioner's request for an extension of time to file a traverse is also GRANTED. Petitioner shall file a traverse no later than **sixty (60) days** from the date this Order is filed.

IT IS SO ORDERED.

DATED: 7/29/09

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.08\Pridemore2941.Exhs&2ndEOT-Trav&denyATTY.wpd